# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUBERT DYMITR HARASZEWSKI, CDCR #AC-2622,<br><br>  Plaintiff,<br>vs.<br><br>LISA BRANNAN, Police Investigator; JOHN MORGANS, D.A. Investigator; HANK TURNER, Police Sergeant; PATRICIA LAVARMICOCCA, Assistant District Attorney,<br><br>  Defendants. | Civil No.   10-0546 LAB (PCL)<br><br>**ORDER GRANTING PLAINTIFF'S SECOND MOTION FOR EXTENSION OF TIME TO AMEND**<br><br>[Doc. No. 9] |

Hubert Dymitr Haraszewski ("Plaintiff"), a state prisoner currently incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, is proceeding pro se and has initiated this civil action pursuant to 42 U.S.C. § 1983.

**I.   Procedural Background**

At the time he filed his Complaint, Plaintiff did not prepay the $350 filing fee mandated by 28 U.S.C. § 1914(a); instead, he filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2].

On April 20, 2010, the Court granted Plaintiff's IFP Motion, but dismissed his Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *See* April 20, 2010 Order [Doc. No. 4].

1  Plaintiff was granted 45 days leave, however, to amend his pleading. *Id.* at 6; *see also Lopez v.*
2  *Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc) ("[A] district court should grant leave
3  to amend even if no request to amend the pleading was made, unless it determines that the
4  pleading could not possibly be cured.") (citations omitted).)
5        On April 30, 2010, Plaintiff submitted a Motion requesting an extension of time in which
6  to file his Amended Complaint, as well as copy of his original Complaint [Doc. No. 7]. Plaintiff
7  claimed that because he is housed in the Administrative Segregation Unit, he had inadequate
8  access to the prison's law library. On May 6, 2010, the Court granted Plaintiff's Motion, giving
9  him until July 5, 2010 to submit his Amended Complaint, and further directed the Clerk to
10  provide Plaintiff with as a copy of his original Complaint as well as a blank form Amended
11  Complaint for his reference and use [Doc. No. 8].
12        On June 22, 2010, Plaintiff submitted a second Request for Extension of Time to Amend
13  [Doc. No. 9]. Plaintiff claims that despite the previous extension, he has "not been given law
14  library access even ONE time" in the last 50 days, even though the law library is "theoretically
15  open to inmates" two days a week. Therefore, Plaintiff claims he is unable to meet the Court's
16  July 5, 2010 deadline. (*See* Pl.'s Mot. at 1-2.)

17  **II.  Standard of Review**

18        While this is Plaintiff's second request for an extension of time, he is still proceeding
19  without counsel and his request is timely. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696,
20  699 (9th Cir. 1990) (court has a "duty to ensure that pro se litigants do not lose their right to a
21  hearing on the merits of their claim due to ... technical procedural requirements."). Thus, the
22  Court finds good cause to grant Plaintiff's request. "'Strict time limits ... ought not to be insisted
23  upon' where restraints resulting from a pro se ... plaintiff's incarceration prevent timely
24  compliance with court deadlines." *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987)
25  (citing *Tarantino v. Eggers*, 380 F.2d 465, 468 (9th Cir. 1967); *see also Bennett v. King*, 205
26  F.3d 1188, 1189 (9th Cir. 2000) (reversing district court's dismissal of prisoner's amended pro
27  se complaint as untimely where mere 30-day delay was result of prison-wide lockdown).
28  / / /

1 | Plaintiff is cautioned, however, that the Court is unlikely to grant any further extensions
2 | of time absent a showing of extraordinary circumstances.

3 | **III.    Conclusion and Order**

4 | Accordingly, the Court hereby **GRANTS** Plaintiff's Second Motion to Extend Time to
5 | file an Amended Complaint [Doc. No. 9].

6 | Plaintiff's Amended Complaint, should he elect to file one, must be received by the Court
7 | no later than **Monday, August 9, 2010.**  Moreover, Plaintiff is cautioned that his Amended
8 | Complaint must address the deficiencies of pleading previously identified in the Court's May
9 | 6, 2010 Order [Doc. No. 4], and must be complete in itself without reference to his original
10 | complaint.  *See* S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*,
11 | 896 F.2d 1542, 1546 (9th Cir. 1989).

12 | If Plaintiff chooses *not* to file a Amended Complaint by August 9, 2010, this action shall
13 | remain dismissed for failing to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b)
14 | and without further Order of the Court.

15 | **IT IS SO ORDERED.**

16 | DATED:  June 25, 2010

17 | *[signature]*

18 | **HONORABLE LARRY ALAN BURNS**
United States District Judge