UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUBERT DYMITR HARASZEWSKI<br>CDCR #AC-2622,<br><br>                            Plaintiff,<br><br>vs.<br><br>LISA BRANNAN, et al.,<br><br>                            Defendants. | Civil No.   10cv0546 LAB (PCL)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND GRANTING EXTENSION OF TIME TO FILE FIRST AMENDED COMPLAINT**<br><br>**[Doc. No. 12]** |

On March 12, 2010, Plaintiff, Hubert Dymitr Haraszewski, an inmate currently incarcerated at Kern Valley State Prison and proceeding pro se, filed a civil rights action pursuant to 42 U.S.C. § 1983. On April 20, 2010, the Court granted Plaintiff's Motion to Proceed *In Forma Pauperis* ("IFP") and dismissed Plaintiff's Complaint for failing to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *See* Apr. 20, 2010 Order at 5-6. Plaintiff was granted leave to file a First Amended Complaint in order to correct the deficiencies of pleading identified by the Court. *Id.*

Plaintiff then requested, and received, two extensions of time to file his First Amended Complaint which was due to be filed no later than August, 9, 2010. *See* June 28, 2010 Order at

3.  However, instead of filing a First Amended Complaint, Plaintiff has filed a "Motion for Reconsideration" [Doc. No. 12].

I.  **Plaintiff's Motion for Reconsideration**

   A.  **Standard of Review**

The Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration.[1] However, a motion for reconsideration may be construed as a motion to alter or amend judgment under Rule 59(e) or Rule 60(b). *See Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989); *In re Arrowhead Estates Development Co.*, 42 F.3d 1306, 1311 (9th Cir. 1994). Under Rule 60, a motion for "relief from a final judgment, order or proceeding" may be filed within a "reasonable time," but usually must be filed "no more than a year after the entry of the judgment or order or the date of the proceeding." FED.R.CIV.P. 60(c). Reconsideration under Rule 60 may be granted in the case of: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence; or (3) fraud; or if (4) the judgment is void; (5) the judgment has been satisfied; or (6) for any other reason justifying relief. FED.R.CIV. P. 60(b).

   B.  **Discussion**

In Plaintiff's original Complaint, he alleged, in part, that his constitutional rights were violated when Defendants instigated a search of his cell while he was housed as a pre-trial detainee in the Vista Detention Facility. *See* Compl. at 3-5. Plaintiff then refers to a Court hearing related to his criminal proceedings in which the validity of this search, and the material seized as a result, was discussed. *Id.* at 4.

Based on the facts alleged, it appears that Plaintiff is challenging the validity of his criminal conviction that was based, in part, on these alleged "illegal" searches. Thus, The Court found that his claims for monetary damages based on his Fourth Amendment search and seizure claims were not yet cognizable pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994). *See* Apr.

---

[1] However, Local Rule 7.1(i) does permit motions for reconsideration. Under Local Rule 7.1(i)(1), a party may apply for reconsideration "[w]henever any motion or any application or petition for any order or other relief has been made to any judge and has been refused in whole or in part...." S.D. CAL. CIVLR 7.1(i). The party seeking reconsideration must show "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application." *Id.* Local Rule 7.1(i)(2), however, only permits motions for reconsideration within "twenty -eight (28) days after the entry of the ruling, order or judgment sought to be reconsidered."

20, 2010 Order at 4. In his Motion for Reconsideration, Plaintiff claims that the search does not implicate the invalidity of his conviction because the "search turned up no evidence that was directly used in my prosecution." *See* Pl.'s Mot. at 2. This is not clear from Plaintiff's Complaint and if he chooses to file an Amended Complaint, he must be sufficiently clear that the alleged constitutional rights that were violated by the search have nothing to do with his criminal trial or conviction. If the search is related to his criminal conviction, as the Court stated in its previous Order, he must be able to show that his "criminal charges have been dismissed or the conviction overturned." *See* Apr. 20, 2010 Order at 4 (citing *Harvey v. Waldron*, 210 F.3d 1008, 1015 (9th Cir. 2000).

In addition, Plaintiff acknowledges the other deficiencies of pleading identified by the Court, along with indicating that he wishes to add additional causes of action. If Plaintiff wishes to proceed in this action, he must simply file an Amended Complaint in compliance with the Court's April 20, 2010 Order.

Accordingly, the Court finds that Plaintiff has provided no newly discovered evidence, has failed to show clear error or that the Court rendered a manifestly unjust decision, and has further failed to identify any intervening changes in controlling law that would demand reconsideration of the Court's April 20, 2010 Order.

## II.  Conclusion and Order

In light of the foregoing, the Court hereby **DENIES** Plaintiff's Motion for Reconsideration [Doc. No. 12] of the Court's April 20, Order. Plaintiff is granted a thirty (30) day extension of time in which to file a First Amended Complaint that complies with the April 20, 2010 Order.

**IT IS SO ORDERED.**

DATED: August 24, 2010

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge