1

2

3

4

5

6

7

8          **UNITED STATES DISTRICT COURT**

9          **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   HUBERT DYMITR HARASZEWSKI,              Civil No.    10cv0546 LAB (PCL)
     CDCR #AC-2622,
12
                                 Plaintiff,    **ORDER:**
13
                                               **(1)  DISMISSING CLAIMS FROM**
14                                             **FIRST AMENDED COMPLAINT**
                                               **FOR FAILING TO STATE A**
            vs.                                **CLAIM PURSUANT TO**
15                                             **28 U.S.C. §§ 1915(e)(2)(b) &**
                                               **1915A(b); AND**
16
     LISA BRANNAN, et al.,                     **(2)  DIRECTING U.S. MARSHAL**
17                                             **TO EFFECT SERVICE OF**
                                               **AMENDED COMPLAINT**
18                                             **PURSUANT TO FED.R.CIV.P. 4(c)(3)**
                                 Defendants.   **&  28 U.S.C. § 1915(d)**
19

20

21

22

23                         **I.**

24                 **PROCEDURAL HISTORY**

25         On March 12, 2010, Hubert Dymitr Haraszewski  ("Plaintiff"), a state prisoner currently

26   incarcerated at the Kern Valley State Prison located in Delano, California, and proceeding pro

27   se, submitted a civil rights Complaint pursuant to 28 U.S.C. § 1983.  In addition, Plaintiff filed

28   a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a).  The Court

1    granted Plaintiff's Motion to Proceed IFP but simultaneously dismissed his Complaint for failing

2    to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(b) & 1915A(b).  *See* Apr. 20, 2010 Order at

3    5-6.  Plaintiff was granted leave to file a First Amended Complaint in order to correct the

4    deficiencies of pleading identified by the Court.  *Id.* at 6.  Plaintiff then requested several

5    extensions of time to file a First Amended Complaint which were granted by the Court.  On

6    October 6, 2010, Plaintiff filed his First Amended Complaint ("FAC").

7                                              **II.**

8    **SUA SPONTE SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)**

9         Notwithstanding payment of any filing fee or portion thereof, the Prison Litigation

10   Reform Act ("PLRA") requires courts to review complaints filed by prisoners against officers

11   or employees of governmental entities and dismiss those or any portion of those found frivolous,

12   malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief

13   from a defendant immune from such relief.  *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez*

14   *v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213

15   F.3d 443, 446 (9th Cir. 2000) (§ 1915A).

16        Prior to the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only

17   frivolous and malicious claims.  *Lopez*, 203 F.3d at 1126, 1130.  However 28 U.S.C.

18   §§ 1915(e)(2) and 1915A now mandate that the court reviewing a prisoner's suit make and rule

19   on its own motion to dismiss before directing that the complaint be served by the U.S. Marshal

20   pursuant to FED. R. CIV. P. 4(c)(2).  *Id.* at 1127 ("[S]ection 1915(e) not only permits, but requires

21   a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *Barren v.*

22   *Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).  The district court should grant leave to

23   amend, however, unless it determines that "the pleading could not possibly be cured by the

24   allegation of other facts" and if it appears "at all possible that the plaintiff can correct the

25   defect."  *Lopez*, 203 F.3d at 1130-31 (citing *Doe v. United States*, 58 F.3d 494, 497 (9th Cir.

26   1995); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1990)).

27        "[W]hen determining whether a complaint states a claim, a court must accept as true all

28   allegations of material fact and must construe those facts in the light most favorable to the

plaintiff."  *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").  However, while liberal construction is "particularly important in civil rights cases," *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992), the court may nevertheless not "supply essential elements of the claim that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States.  *See* 42 U.S.C. § 1983; *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

Plaintiff claims that after he received his "life sentence" he was segregated in the jail but claims that no one else in the jail serving a life sentence was segregated and thus, his right to equal protection under the laws was violated.  *See* FAC at 6.  The "Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Center, Inc.* 473 U.S. 432, 439 (1985).  In order to state a claim under § 1983  alleging violations of the equal protection clause of the Fourteenth Amendment, Plaintiff must allege facts which demonstrate that he is a member of a protected class.  *See Harris v. McRae*, 448 U.S. 297, 323 (1980) (indigents); *see also City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 440-41 (1985) (listing suspect classes).  In this matter, Plaintiff has neither sufficiently plead that he is a member of a suspect class nor has he plead adequate  facts to demonstrate that Defendants acted with an intent or purpose to discriminate against him based upon his membership in a protected class.  *See Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998), *cert. denied*, 525 U.S. 1154 (1999).

/ / /

1    Thus, the Court finds that Plaintiff's allegations are insufficient to prove invidious

2    discriminatory intent. *Village of Arlington Heights v. Metropolitan Housing Development Corp.*,

3    429 U.S. 252, 265 (1977).  Accordingly, Plaintiff's Fourteenth Amendment equal protection

4    claims are dismissed for failing to state a claim upon which § 1983 relief can be granted.

5    However, as to the remaining claims in Plaintiff's First Amended Complaint, the Court

6    finds that Plaintiff's claims are now sufficiently pleaded to survive the sua sponte screening

7    required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b).  Therefore, Plaintiff is entitled to U.S.

8    Marshal service on his behalf.  *See Lopez*, 203 F.3d at 1126-27;  28 U.S.C. § 1915(d) ("The

9    officers of the court shall issue and serve all process, and perform all duties in [IFP] cases.");

10   FED.R.CIV.P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal

11   or deputy marshal ... if the plaintiff is authorized to proceed *in forma pauperis* under 28 U.S.C.

12   § 1915.").  Plaintiff is cautioned, however, that "the sua sponte screening and dismissal

13   procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that

14   [a defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal.

15   2007).

16                                                **III.**

17                                    **CONCLUSION AND ORDER**

18   Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

19        1.    Plaintiff's Fourteenth Amendment equal protection claims are dismissed for failing

20   to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(b) &

21   1915A(b).

22        **IT IS FURTHER ORDERED** that**:**

23        2.    The Clerk shall issue a summons as to Plaintiff's First Amended Complaint [Doc.

24   No. 15] upon Defendants and shall forward it to Plaintiff along with a blank U.S. Marshal Form

25   285 for each of these Defendants.  In addition, the Clerk shall provide Plaintiff with a certified

26   copy of this Order, the Court's April 20, 2010 Order granting Plaintiff leave to proceed IFP

27   [Doc. No. 4], and certified copies of his First Amended Complaint and the summons for

28   purposes of serving each Defendant.  Upon receipt of this "IFP Package," Plaintiff is directed

1  to complete the Form 285s as completely and accurately as possible, and to return them to the

2  United States Marshal according to the instructions provided by the Clerk in the letter

3  accompanying his IFP package.  Thereafter, the U.S. Marshal shall serve a copy of the First

4  Amended Complaint and summons upon each Defendant as directed by Plaintiff on each Form

5  285.  All costs of service shall be advanced by the United States.  *See* 28 U.S.C. § 1915(d);

6  FED.R.CIV.P. 4(c)(3).

7      3.      Defendants are thereafter **ORDERED** to reply to Plaintiff's First Amended

8  Complaint within the time provided by the applicable provisions of Federal Rule of Civil

9  Procedure 12(a).  *See* 42 U.S.C. § 1997e(g)(2) (while Defendants may occasionally be permitted

10  to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or

11  other correctional facility under section 1983," once the Court has conducted its sua sponte

12  screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary

13  determination based on the face on the pleading alone that Plaintiff has a "reasonable

14  opportunity to prevail on the merits," Defendants are required to respond).

15      4.      Plaintiff shall serve upon Defendants or, if appearance has been entered by

16  counsel, upon Defendants' counsel, a copy of every further pleading or other document

17  submitted for consideration of the Court.  Plaintiff shall include with the original paper to be

18  filed with the Clerk of the Court a certificate stating the manner in which a true and correct copy

19  of any document was served on Defendants, or counsel for Defendants, and the date of service.

20  Any paper received by the Court which has not been filed with the Clerk or which fails to

21  include a Certificate of Service will be disregarded.

22      **IT IS SO ORDERED.**

24  DATED:  November 15, 2010

25  *Larry A. Burns*

26  **HONORABLE LARRY ALAN BURNS**
United States District Judge