**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HUBERT DYMITR HARASZEWSKI,<br><br>  Plaintiff,<br><br>v.<br><br>LISA BRANNAN et al.,<br><br>  Defendants. | CASE NO. 10cv0546 LAB (PCL)<br><br>REPORT AND RECOMMENDATION RE: DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT<br><br>(Doc. 29.) |

**INTRODUCTION**

Hubert Dymitr Haraszewski ("Plaintiff"), a California state prisoner proceeding *pro se*, filed a First Amended Complaint pursuant to 42 U.S.C. § 1983. (Doc. 15.) Plaintiff claims Defendants violated his constitutional rights while he was held at the George Bailey Detention Facility ("GBDF") and the Vista Detention Facility ("VDF"). (Id. at 1.) Specifically, Plaintiff claims his placement in administrative segregation and the actions occurring there violated his Due Process rights, his right of access to counsel, and his Fourth Amendment protection from unlawful search and seizures. (Id. at 4-9.) Defendants Lisa Brannan, John Morgans, Harold Turner, Patricia Lavermicocca, and Carl Brewer filed a motion to dismiss Plaintiff's complaint for failure to state claims upon which relief can be granted. (Doc. 29-1, at 2.) Having considered the motion and Plaintiff's response, the Court recommends that the motion be granted in part and denied in part.

## FACTUAL BACKGROUND

On July 20, 2008, while Plaintiff was held as a pretrial detainee at GBDF, Defendant Brannan, a police investigator, conducted a warrantless search of Plaintiff's cell.  (Doc. 15, at 7.)  Plaintiff claimed Defendant Lavarmicocca, Assistant District Attorney, and Defendant Morgans, D.A. investigator, ordered the search with the intent to seize items related to the ongoing criminal investigation.  (Id.) Plaintiff alleged that Defendant Brannan's supervisor, Defendant Sergeant Turner, led the search with the assistance of Defendant Sergeant Brewer.  (Id.)  Plaintiff claimed all his personal items except for food and hygiene items were seized, including letters, photographs, and drawings.  (Id.)  Although none of the seized material was introduced at trial, Plaintiff alleged the search was outside customary GBDF procedures and was meant to harass him because Defendant Brannan was notorious for his attitude towards Plaintiff in interviews, court appearances, and sentencing hearings. (Id.)

On September 14, 2009, while Plaintiff was held as a pretrial detainee at VDF, Defendants Brannan and Morgans searched his jail cell under the authority of Defendant Lavarmicocca. (Id.)  Following the search, a Vista Jail staff member and a supervisor – Defendants John Doe 2 and 4 – moved Plaintiff to a segregation module for about three weeks.  (Id. at 4.)  Plaintiff alleged the isolation was to prevent his phone access because Defendant Lavarmicocca believed Plaintiff illegally contacted the prosecution's witnesses.  (Id.)  Plaintiff claimed he submitted multiple requests for an explanation for his isolation but received no response from the jail officers.  (Id.)

Plaintiff claimed the retaliatory search of his cell and isolation were intended to punish him because Defendant Morgans' objective to protect the prosecution's witnesses could have been achieved without the isolation.  (Id. at 4.)  Plaintiff claimed he was denied a due process hearing throughout his three weeks in administrative segregation.  (Id. at 5.)  In addition, Plaintiff claimed he was denied access to counsel because the isolation effectively ended communication with his attorney and destroyed his attorney-client relationship and mutual trust. (Id. at 5.)  Plaintiff alleged that his attorney refused to accept his calls for the three months leading up to a trial hearing, even after Plaintiff was returned to the general population.  (Id. at 8.)

Around January 5, 2010, Plaintiff was placed in isolation again, segregated for twenty-three hours a day with no interaction and remained there for two months.  (Doc. 15, at 6.)  Plaintiff claimed he

submitted multiple grievances asking for an explanation for the confinement but did not receive a response. (Id.) Plaintiff stated that he believed that the reasons behind his isolation were punitive, rather than administrative, because the deputies wanted to punish him for being a "nuisance." (Id.) After January 29, 2010, Plaintiff claimed he was told that his segregation was a result of his life sentence that he had received but he otherwise was not given a hearing or an official explanation for his time spent in administrative segregation in violation of Due Process and the Eighth Amendment. (Id.)

## STANDARD OF REVIEW

FED. R. CIV. P. 12(b) expressly enumerates a list of six defenses that can be asserted in a motion to dismiss, including for "failure to state a claim upon which relief can be granted," FED. R. CIV. P. 12(b)(6). Under 12(b)(6), a complaint may be dismissed for failure to state a cognizable legal theory or for failure to state sufficient facts under a cognizable legal theory. See Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). In reviewing the sufficiency of a complaint, the court must assume the truth of all factual allegations and construe them in light most favorable to the nonmoving party. Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002). The court may consider the facts alleged in the complaint, documents attached to the complaint, documents incorporated by reference in the complaint, and matters of which the court takes judicial notice. U.S. v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003). Additionally, the court may hypothesize facts, "consistent with the complaint, that would make out a claim." Graehling v. Village of Lombard, Ill., 58 F.3d 295, 297 (7th Cir. 1995). However, legal conclusions need not be taken as true merely because they are cast in the form of factual allegations. Roberts v. Corrothers, 812 F.2d 1173, 1177 (9th Cir. 1987). Also, "when the allegations of the complaint are refuted by an attached document, the Court need not accept the allegations as being true." Roth v. Garcia Marquez, 942 F.2d 617, 625 n.1 (9th Cir. 1991). Furthermore, "[i]f the pleadings establish facts compelling a decision one way, that is as good as if depositions and other expensively obtained evidence on summary judgment establishes the identical facts." Weisbuch v. County of Los Angeles, 119 F.3d 778, 783 n.1 (9th Cir. 1997).

///
///
///

## DISCUSSION

**1. Plaintiff Stated a Due-Process Claim re: Pretrial Detainment in Administrative Segregation.**

Plaintiff contends that during his pretrial detainment he was placed in administrative segregation without an explanation or a due process hearing as a form of punishment for illegally contacting a prosecution witness by mail. (Doc. 15, at 4-5, 7.) Defendants argue the segregation served a legitimate, non-punitive objective of protecting witnesses and thus did not amount to punishment necessitating a due process hearing to establish a factual and legal basis for the measure. (Doc. 29-1, at 5.)

Under the Due Process Clause of the Fourteenth Amendment, a pretrial detainee may not be punished prior to an adjudication of guilt. Bell v. Wolfish, 441 U.S. 520, 535 (1979). While regulatory and disciplinary restraints may be constitutionally imposed on a detainee prior to a determination of guilt, punitive measures in advance of conviction may not be. Id. at 537. Importantly, a pretrial detainee may not be subject to administrative segregation without a due process hearing to determine whether a rule or policy was violated. Mitchell v. Dupnik, 75 F.3d 517, 524 (9th Cir. 1996).

Plaintiff argues he was placed in administrative segregation as punishment because the Defendants believed he contacted prosecution witnesses by mail. Plaintiff also alleges that he was placed in administrative segregation without a due process hearing to determine if he in fact violated a rule or policy. Thus, Plaintiff put forth enough facts to suggest that his Fourteenth Amendment Due Process rights may have been violated. Therefore, Defendants' motion to dismiss the Due Process claim regarding pretrial detainment should be **DENIED**.

**2. Plaintiff Failed to State a Claim re: Postconviction Detainment in Administrative Segregation.**

Plaintiff alleges he remained in administrative segregation after his conviction without being given a due process hearing or an official explanation for his placement there. (Doc. 15, at 6.) Also, Plaintiff argues that his placement in administrative segregation amounted to a violation of the Eighth Amendment's prohibition of cruel and unusual punishment. (Id.) Defendants argue that Plaintiff failed to state a Due Process claim because he had no liberty interest in freedom from segregation once convicted and that he did not allege sufficient facts to show that his placement in administrative segregation gave rise to a serious risk of harm in violation of the Eighth Amendment. (Doc. 29-1, at 6.)

The Due Process Clause protects prisoners against deprivations of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). To state a cause of action under the Due Process Clause, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Wilkinson v. Austin, 545 U.S. 209, 221 (2005). Simply being placed in segregated confinement without alleging atypical, significant deprivation does not give rise to a liberty interest protected by the Due Process Clause. Sandin v. Conner, 515 U.S. 472, 486 (1995); May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997) (finding that the Constitution does not give rise to a liberty interest in simply avoiding transfer to more restricted conditions of confinement). Moreover, simply being held in administrative segregation, without specific allegations that prison officials were deliberately indifferent to prison conditions posing a serious risk of harm, does not amount to an Eighth Amendment violation. Jefferson v. McDaniel, 324 Fed. Appx. 614, 615 (9th Cir. 2009).

Plaintiff alleges he was placed in administrative segregation for approximately one month after his conviction, confined to a cell for twenty-three hours a day. However, as Plaintiff has not submitted facts claiming his confinement in administrative segregation imposed atypical and severe hardship, he has failed to state a Due Process claim for his postconviction detainment in administrative segregation. Moreover, Plaintiff has also failed to state facts claiming that his time in administrative segregation posed a serious risk of harm to which prison officials were deliberately indifferent. Thus, Defendants' motion to dismiss Plaintiff's Due Process and Eighth Amendment claims regarding his postconviction detainment should be **GRANTED**.

**3. Plaintiff Failed to State Sufficient Facts Supporting Violation of His Right of Access to Counsel.**

Plaintiff alleges that his placement in administrative segregation as a pretrial detainee interfered with his access to counsel as the prolonged isolation effectively ended communication with his attorney and destroyed his attorney-client relationship. (Doc. 15, at 5.) Plaintiff alleges that his attorney refused to accept his calls for the three months leading up to a trial hearing, even after Plaintiff was returned to the general population. (Id. at 8.) Defendants contend that Plaintiff failed to state a claim for interference with his right to counsel as Plaintiff had other avenues to communicate with his attorney and he failed to allege that prejudice resulted from the alleged interference. (Doc. 29, at 7-8.)

"It is now established beyond doubt that prisoners have a constitutional right of access to the courts." Bounds v. Smith, 430 U.S. 817, 821 (1977). The right of access to courts encompasses the right of an inmate to talk in person and on the telephone with his attorney in confidential settings. Hydrick v. Hunter, 500 F.3d 978, 999 (9th Cir. 2007) (overruled on other grounds). To state a denial of access claim, the plaintiff must state facts that he suffered an actual injury, that the defendants' actions "hindered his efforts to pursue a legal claim." Lewis v. Casey, 518 U.S. 343, 351 (1996).

Here, Plaintiff contends that "weeks of highly curtailed and irregular, unpredictable phone access effectively ended phone contact" with his attorney while he was in administrative segregation. (Doc. 15, at 5.) However, Plaintiff fails to allege facts that Defendants' actions specifically caused Plaintiff's attorney to end communication with him or that Defendants' actions caused an actual injury and hindered Plaintiff from pursuing his legal claim in court. Thus, as Plaintiff has failed to state sufficient facts supporting a claim of denial of access to the courts, Defendants' motion to dismiss this claim should be **GRANTED**.

**4. Plaintiff Failed to State a Claim Re: Illegal Search & Deprivation of Personal Property.**

Plaintiff argues that his prison cell was searched without a warrant in violation of the Fourth Amendment and that his property was unlawfully seized for an illegitimate punitive purpose. (Doc. 15, at 4, 7.) Defendants argue that Plaintiff as a detainee is not entitled to the Fourth Amendment right to privacy and that unlawful intentional deprivation of Plaintiff's personal property does not constitute a Due Process violation as Plaintiff could avail himself of the California Tort Claims Act to obtain redress for the loss. (Doc. 15, at 8.)

"[T]he Fourth Amendment's prohibition on unreasonable searches does not apply in prison cells." Hudson v. Palmer, 468 U.S. 517, 526 (1984). Pretrial detainees have a similarly limited expectation of privacy in their jail cells because "there is no basis for concluding that pretrial detainees pose any lesser security risk to society than convicted inmates." Bell v. Wolfish, 441 U.S. 520, 547 n.28 (1979); Mitchell v. Dupnik, 75 F.3d 517, 522 (9th Cir. 1996) (holding that pretrial detainees have no reasonable expectation of privacy in cells). Although a detainee does not have a reasonable expectation of privacy in the prison cell and cannot avail himself of the protections provided under the Fourth Amendment for undue harassment and destruction of personal property, the inmate may use state tort and common-law

remedies to redress such conduct.  Hudson, 468 U.S. at 530; Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (finding that California law provides a postdeprivation remedy for any unlawful property deprivations).  However, "if a meaningful postdeprivation remedy for the loss is available" under state law, such unauthorized intentional deprivation of personal property does not violate the Due Process clause of the Fourteenth Amendment.  Hudson, 468 U.S. at 533.

Plaintiff alleges Defendants Laravmicocca and Morgans initiated the warrantless search of his jail cell at GBDF and VDF for the District Attorney's office.  (Doc. 15, at 7-8.)  Plaintiff claims that the GBDF search was "intended to seize any items related to an ongoing criminal investigation" and that both searches were intended to harass Plaintiff.  (Id. at 7-8.)  Plaintiff claims that all personal items were seized, except for food and hygiene items.  (Id. at 7.)  Under these set of facts, Plaintiff has not stated a Fourth Amendment claim as the Fourth Amendment does not protect Plaintiff from unreasonable searches in prison cells.  Neither has Plaintiff stated a Due Process claim because the California Tort Claims Act provides the method whereby Plaintiff could obtain redress for any unlawful personal property deprivation.  Thus, Defendants' motion to dismiss Plaintiff's Fourth Amendment and Due Process claims regarding the illegal searches and the unlawful property losses should be **GRANTED**.

## CONCLUSION

For the foregoing reasons, the Court RECOMMENDS the following:

1) that Defendants' motion to dismiss the Due Process claim regarding pretrial detainment should be DENIED;

2) that Defendants' motion to dismiss Plaintiff's Due Process and Eighth Amendment claims regarding his postconviction detainment should be GRANTED;

3) that Defendants' motion to dismiss Plaintiff's claim of denial of access to the courts should be GRANTED; and

4) that Defendants' motion to dismiss Plaintiff's Fourth Amendment and Due Process claims regarding the searches and the unlawful property losses should be GRANTED.

This Report and Recommendation is submitted to United States District Judge Larry Burns, pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 72.1 of the United States District Court for the Southern District of California.

1   IT IS ORDERED that, **no later than August 24, 2011**, the parties may file written objections to
2   this Report and Recommendation.  The document should be captioned "Objections to Report and
3   Recommendation."  Any reply to the Objections shall be filed **on or before August 31, 2011**.  The
4   parties are advised that failure to file either of these documents within the specified time periods may
5   waive the right to raise objections to the magistrate judge's findings of fact.  See Turner v. Duncan, 158
6   F.3d 449, 455 (9th Cir. 1998).

   IT IS SO ORDERED.

DATED: August 11, 2011

_____
Peter C. Lewis
U.S. Magistrate Judge
United States District Court