UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUBERT DYMITR HARASZEWSKI,<br><br>              Plaintiff,<br><br>vs.<br><br><br>LISA BRANNAN, et al.,<br><br>              Defendants. | CASE NO. 10cv0546-LAB (PCL)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION; AND**<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**<br><br>**[Docket number 29.]** |

      On March 12, 2010, Plaintiff Hubert Haraszewski, a prisoner in state custody, filed his complaint seeking relief pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights. He brought claims based on his detention in administrative segregation both while as a pretrial detainee and later, following his conviction and sentencing. He also brought claims for allegedly unlawful searches of his cell while he was a pretrial detainee, and for interference with his right of access to courts. Defendants moved to dismiss.

      This matter was referred to Magistrate Judge Peter Lewis for report and recommendation. On August 11, 2011, Judge Lewis issued his report and recommendation (the "R&R") which recommended denying Defendants' motion only as to his Due Process claims arising from detention in administrative segregation while a pretrial detainee. The R&R recommended dismissing all other claims.

Haraszewski submitted a sur-reply in connection with the motion to dismiss, after the R&R had already been issued. Rather than reject it, the Court accepted it as his objections. He then submitted a separate set of objections which the Court accepted for filing as supplemental objections. The Court will consider both together as constituting his objections to the R&R. Defendants filed no objections.

A district court has jurisdiction to review a Magistrate Judge's report and recommendation on dispositive matters. Fed. R. Civ. P. 72(b). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." *Id.* "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The Court reviews de novo those portions of the R&R to which specific written objection is made. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). "The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *Id.* When no objections are filed, the Court need not review de novo the Report and Recommendation. *Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005).

Haraszewski's objections concede that he has no claim for post-trial detention in administrative segregation,[1] or for interference with his communication with his counsel. He offered extensive commentary on his pretrial detention in administrative segregation, but since the R&R recommended <u>denying</u> the motion to dismiss this claim, the objections are moot.

Haraszewski's only substantive objections to adverse recommendations concern the search of his cell while he was a pretrial detainee. Although in his complaint he says prosecutors ordered the search (First Amended Complaint ("FAC") (Docket no. 15) at 7), his

---

[1] His objections mention January 29, 2010, the date he was sentenced, as being the date he ceased being a pretrial detainee for this purpose. (Docket no. 45 at 2.) But the relevant date is the date of his conviction, not the date he was sentenced. *See Resnick v. Hayes*, 213 F.3d 443, 448 (9th Cir. 2000) (convicted inmate who had not yet been sentenced was not entitled to same rights as pretrial detainees). It is not clear whether this makes any difference to his claims, however.

objections concede that on one occasion officials searched his cell pursuant to a judge's order directing them to do so.  In his objections, he argues that the order was illegal and void, that the Defendants must have conspired with the judge, or that the Defendants must have deceived the judge into issuing it.  He also objected to some wording in the R&R concerning the purpose of the search of his cell, the R&R's conclusion that as a pretrial detainee he had no reasonable expectation of privacy in his cell, and its recommendation that his claim arising from the search be dismissed.

Haraszewski attempts to distinguish several powerful adverse precedents, such as *Bell v. Wolfish*, 441 U.S. 520, 556–57 (1979).  That decision makes clear that a pretrial detainee has no more than a "diminished expectation of privacy." *Id*. at 557.  Inmates, including pretrial detainees ordinarily have no reasonable expectation that their cells will not be subject to search by officials. *Mitchell v. Dupnik*, 75 F.3d 517, 522–23 (9th Cir. 1996). Even though the FAC suggests that the searches were conducted out of vengeance or as an effort to obtain evidence, Haraszewski, even as a pretrial detainee, could not reasonably have expected his cell and its contents to remain private.  *See United States v. Van Poyck*, 77 F.3d 285, 290 (9th Cir. 1996) (holding that only a state intrusion into an area where there is a "constitutionally protected reasonable expectation of privacy" triggers the Fourth Amendment) (citation omitted).  This was not an intrusive search of his person, such as that considered in *Jordan v. Gardner*, 986 F.2d 1521 (9th Cir. 1993), where prison policy required male guards to conduct random clothed body searches on female prisoners.  Rather, it was a search of his cell, which is contemplated in *Bell*.

Furthermore, though the R&R does not emphasize this point, Haraszewski's objections to the R&R concede the officers conducting one of the searches were acting out of obedience to a state judge's order.  (*See* Reply to Opp'n to Mot. to Dismiss (Docket no. 37-1), Ex. C.)  At a hearing at which he was not present but was represented, the state judge issued an order:

> It is hereby ordered by this Court that:  The San Diego Sheriff's Department conduct search of [Haraszewski's] cell and seize all document, writings, photographs, and all documents whether marked legal mail or not.

(*Id*.) While he disagrees that the order's true purpose was legitimate, he agrees the order was issued by a judge and ordered officials to search his cell.

Even if the order were to turn out to be invalid, the officials who carried it out are entitled to quasi-judicial immunity. *See Coverdell v. Dept. of Social and Health Services*, 834 F.2d 758, 764–65 (9th Cir. 1987). Because Haraszewski is a prisoner and because he is proceeding *in forma pauperis*, the Court is required to dismiss his petition to the extent it seeks monetary relief from defendants who are immune. 28 U.S.C. §§ 1915(e)(2)(B)(iii), 1915A(b)(2).

Although the Defendants haven't yet raised this point, the defense of qualified immunity would be available to them on this claim, because precedent such as *Bell v. Wolfish* and *Mitchell* show that the Fourth Amendment right of pretrial detainees against warrantless searches of their cells is far from "clearly established." *See A.D. v. Markgraf*, 636 F.3d 555, 559 (9th Cir. 2011) (setting forth test for qualified immunity). Although the Court is not ruling on the issue at this point, the availability of this defense makes it even clearer that Haraszewski cannot successfully amend this claim.

To the extent Haraszewski merely seeks recompense for materials lost or taken during the search, the California Tort Claims Act provided an adequate remedy, and he may not bring such a claim in this Court. *See Dejesus v. Cabales*, 2011 WL 3204345, slip op. at *2 (S.D.Cal., July 25, 2011) (dismissing claim for deprivation of property, because such a claim was not cognizable in a § 1983 action).

The Court's only disagreement with the R&R concerns the standard for ruling on motions to dismiss. The R&R cited *Graehling v. Village of Lombard, Ill.* 58 F.3d 295, 297 (7th Cir. 1995) for the principle that "the court may hypothesize facts, 'consistent with the complaint, that would make out a claim.'" (R&R at 3:16–18.) Even though the Court construes *pro se* pleadings liberally, *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), the Court will not supply facts a plaintiff has not pleaded. *See Ivey v. Board of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). In addition, the Supreme Court's decision in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) repudiated the old standard,

set forth in *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957), under which a complaint should be dismissed only if the plaintiff could not prove any set of facts that would entitle him to relief. To the extent it is applicable to motions to dismiss, *Graehling* is a relic of the *Conley* era. To the extent it is applicable to decisions regarding whether a complaint can be successfully amended, however, it may still be a useful standard. The R&R is therefore modified to exclude the *Graehling* citation. This modification does not affect the validity of the rest of the R&R, or of the outcome of the Court's ruling.

For these reasons, Haraszewski's objections to the R&R are **OVERRULED**. The Court **ADOPTS** the R&R, as modified. Defendants' motion to dismiss the complaint is **GRANTED IN PART** and **DENIED IN PART**. Defendants' request to dismiss the Due Process claim regarding pretrial detention is **DENIED**. Defendants' request to dismiss the Due Process and Eighth Amendment claims regarding postconviction detention are **GRANTED**. Defendants' request to dismiss Haraszewski's claim of denial of access to courts is **GRANTED**. Defendants' request to dismiss the Fourth Amendment and Due Process claims regarding searches and unlawful property losses is **GRANTED**.

The only claims now pending before this Court, therefore, are Plaintiff's Due Process claim regarding pretrial detention. Haraszewski need not file an amended complaint, but if he chooses to do so, he must do so no later than October 21, 2011, and it may not include dismissed claims

**IT IS SO ORDERED**.

DATED: September 30, 2011

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge