1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUBERT DYMITR HARASZEWSKI,<br><br>                              Plaintiff,<br>      vs.<br><br>LISA BRANNAN, et al.,<br><br>                              Defendants. | CASE NO. 10cv0546-LAB (PCL)<br><br>**ORDER GRANTING EXTENSION OF TIME TO FILE AMENDED COMPLAINT; AND**<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION** |

11
12
13
14
15
16
17

18        On September 30, 2011, the Court issued an order dismissing certain claims, and
19  allowing Plaintiff, if he wished, to file an amended complaint no later than October 21, 2011.
20  The purpose of allowing Plaintiff to amend was to permit him to file a clean complaint that
21  included only his one surviving claim, a Due Process claim regarding pretrial detention.  On
22  October 20, 2011, Plaintiff filed a motion seeking additional time in which to amend,
23  explaining that he needed additional time to reorganize his complaint.  For good cause
24  shown, the request is **GRANTED**.  Plaintiff may file his amended complaint (which is not to
25  include any dismissed claims) no later than **Thursday, Bcj Ya VYf 17, 2011.**

26        As part of the same motion, Plaintiff sought reconsideration of the Court's order.  His
27  request for reconsideration says he believes the Court may have misconstrued his
28  complaint.  Plaintiff says he believes certain searches of his cell while he was a pretrial

detainee were motivated by a desire to harass and punish, and he thinks the Court erred by considering only Fourth Amendment theories of recovery, rather than an Eighth Amendment theory.

This objection is baseless. Plaintiff cites *Hudson v. Palmer*, 468 U.S. 517, 530 (1984) as holding that, even though the plaintiff there did not enjoy a reasonable expectation of privacy in his cell, the Eighth Amendment provides a remedy for cruel and unusual punishment by means of harassing searches. But the plaintiff in *Hudson* was a prisoner, not a pretrial detainee. *Hudson* does not hold that the Eighth Amendment supports claims by pretrial detainees for improper searches. Such claims based on allegedly improper searches (including searches conducted merely to harass) are properly brought as Fourth or Fourteenth Amendment claims, and the Court analyzed them as such.

The Court did not err in declining to apply the Eighth Amendment to claims allegedly arising while Plaintiff was a pretrial detainee. *See Bell v. Wolfish*, 441 U.S. 520, 537 n.16 (1979) (holding that the court properly declined to rely on the Eighth Amendment in considering the claims of pretrial detainees). The motion for reconsideration is therefore **DENIED**.

**IT IS SO ORDERED**.

DATED:  October 27, 2011

**HONORABLE LARRY ALAN BURNS**
United States District Judge