

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **H. Dymitr Haraszewski,**<br><br>Plaintiff,<br><br>v.<br><br>**Lisa Brannan** et al.,<br><br>Defendants. | Case No. 10cv546 LAB (PCL)<br><br>**ORDER DENYING MOTION FOR ADEQUATE LAW LIBRARY ACCESS**<br><br>**(Doc. 74)** |

     Plaintiff filed a motion seeking unlimited priority user status access to his law library at Mule Creek State Prison. (Doc. 74.)

     An prisoner has a constitutionally protected right of access to the courts. Bounds v. Smith, 430 U.S. 817, 820-21 (1977). Law library access serves as one of the means of ensuring access to the courts. Lewis v. Casey, 518 U.S. 343, 351 (1996). "[T]he Constitution does not guarantee a prisoner unlimited access to a law library. Prison officials of necessity must regulate the time, manner, and place in which library facilities are used." Linquist v. Idaho State Bd. of Corrections, 776 F.2d 851, 858 (9th Cir. 1985). An inmate claiming that his right of access to the courts will be violated due to inadequate law library access must show that access was so limited as to be unreasonable and the inadequate access will cause actual injury. Vandelft v. Moses, 31 F.3d 794, 797 (9th Cir. 1994).

     Here, Plaintiff has provided no basis for this court to interfere with the prison's

administration of its law library. Plaintiff has failed to demonstrate that the limited amount of time that he has access to the library is unreasonable or that he will suffer actual injury from not being able to prosecute his case adequately. Thus, his motion is DENIED.

**IT IS SO ORDERED.**

DATED: July 20, 2012

_____
Peter C. Lewis
U.S. Magistrate Judge
United States District Court